```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DAVIDA WIDENHOUSE COURTNEY,    )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:16CV1215
                               )
IKEA HOLDING US, INC., IKEA    )
U.S. EAST, LLC, IKEA U.S. WEST,)
Inc., and IKEA PROPERTY, INC., )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on a Motion to Dismiss filed by IKEA Holding US, Inc., IKEA U.S. East, LLC, IKEA U.S. West, Inc., and IKEA Property, Inc. (collectively "Defendants"). (Doc. 10.) Plaintiff Davida Widenhouse Courtney ("Plaintiff") has responded, (Doc. 12), and Defendants have replied. (Doc. 14.) For the reasons stated herein, this court will grant Defendants' Motion to Dismiss without prejudice.

Defendants' Motion to Dismiss includes a request for costs and attorneys' fees. (Doc. 10.) Plaintiff has responded to that request. (Doc. 12.) For the reasons stated herein, this court will deny Defendants' request for costs and attorneys' fees.

Also before the court is Plaintiff's Motion to Transfer Venue, (Doc. 12), to which Defendants have responded. (Doc. 14.)

For the reasons stated herein, this court will deny Plaintiff's Motion to Transfer Venue as moot.

I.  **BACKGROUND**

Plaintiff alleges she fell in an IKEA Charlotte restaurant store and is suing Defendants for negligence. (See Complaint ("Compl.") (Doc. 7).) Two different attorneys have filed complaints containing identical claims in two different courts on behalf of Plaintiff. (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") (Doc. 11)); (see also Pl.'s Opp'n to Defs.' Mot. to Dismiss and Pl.'s Mot. to Transfer Venue ("Pl.'s Opp'n & Mot. to Transfer") (Doc. 12).) Defendants' Motion to Dismiss seeks dismissal of the second-filed complaint as duplicative.

The differences between the two cases are the attorneys representing Plaintiff and that the case filed in the Western District of North Carolina (hereinafter "Courtney I") has begun the process of discovery (Civil Action No. 3:16-CV-00569). (See Defs.' Mem. (Doc. 11) at 1.) Plaintiff's counsel in Courtney I filed the complaint on June 22, 2016, in the Superior Court Division for Mecklenburg County. (Id. at 2.) On July 22, 2016, Defendants removed the case to the United States District Court for the Western District of North Carolina based on diversity jurisdiction. (Id. at 2, 4.) Defendants filed their answer on July 29, 2016, and the parties filed a Proposed Discovery Plan

with the court in the Western District of North Carolina on August 15, 2016. (Id. at 2.) The parties have since exchanged discovery requests. (Id. at 3.)

On August 10, 2016, Defendants learned from Plaintiff's counsel that another attorney had filed a complaint on behalf of Plaintiff for the same claim in this district, but that the dueling claims would be sorted out and the second suit would not proceed. (Id.) However, in mid-September of 2016, Plaintiff served Defendants with a complaint that had been filed on June 23, 2016, in the Superior Court Division of Cabarrus County by the same Plaintiff, pursuing the same claim (hereinafter "Courtney II"). (See id.) Defendants removed the claim to this court on October 7, 2016. (Id. at 4; see also (Doc. 1).)

Defendants move to dismiss Courtney II. (Defs.' Mem. (Doc. 11).) Plaintiff opposes the Motion to Dismiss and has moved to transfer venue of Courtney II, arguing that Plaintiff would later ask a court in the Western District of North Carolina to consolidate Courtney I and Courtney II into a single case. (Pl.'s Opp'n & Mot. to Transfer (Doc. 12).) Defendants also request costs and attorneys' fees representing their time and effort in litigating this duplicative case. (Defs.' Mem. (Doc. 11) at 6).

## II. **DEFENDANTS' MOTION TO DISMISS**

Rather than a case of abatement, as argued by Defendants, this court finds this case is one to which the first-filed doctrine applies. The Fourth Circuit has described the first-filed doctrine as being "of sound judicial administration." See Ellicott Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 181 (4th Cir. 1974). Courts apply the doctrine "when multiple suits are filed in different Federal courts upon the same factual issues." Allied-General Nuclear Servs. v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc., 140 F.2d 47, 49 (4th Cir. 1944)). Under these circumstances, "the first or prior action is permitted to proceed to the exclusion of another subsequently filed." Id.; see also Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982); Great N. Ry. Co. v. Nat'l R.R. Adjustment Bd., First Div., 422 F.2d 1187, 1193 (7th Cir. 1970); cf. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (stating that plaintiff's first choice of forum should generally be honored, and that there are difficulties that arise if cases are not handled by their origin court).

Invoking the first-filed doctrine is "an equitable determination that is made on a case-by-case, discretionary basis." Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264

F. Supp. 2d 357, 360 (W.D.N.C. 2003) (citing Plating Res., Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal 1998)). Courts have broad discretion in determining when to apply the first-filed doctrine. Id. at 361 (citing Plating Res., 47 F. Supp. 2d at 903; Guthy-Renker, 179 F.R.D. at 270)). If the first-filed doctrine applies, the district court has the discretion to dismiss, stay, transfer, or enjoin the second-filed case. See Conboy v. Robert W. Baird & Co., No. 90-3035, 1990 WL 135682 (4th Cir. Sept. 20, 1990); Nutrition & Fitness, 264 F. Supp. 2d at 360. There are three factors that a court within the Western District of North Carolina and a court within this district have considered when determining whether to apply the first-filed rule: "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." E.g., Remington Arms Co. v. Alliant Techsystems, Inc., No. 1:03CV1051, 2004 WL 444574, at *2 (M.D.N.C. Feb. 25, 2004) (citing Nutrition & Fitness, 264 F. Supp. 2d at 360).

This court finds the Fourth Circuit's logic in Conboy, 1990 WL 135682, at *1, to be most instructive. In Conboy, a case was filed in the Southern District of Texas and had proceeded into discovery with an established trial date. Id. The same plaintiff

then filed an identical claim in the District Court of Maryland. Id. The District Court of Maryland dismissed the case "in the interests of comity and the orderly administration of justice." Id. The Fourth Circuit affirmed this dismissal upon appeal. Id.

In the case before this court, the three first-filed factors are satisfied. First, Plaintiff's counsel in Courtney I filed the complaint in a state court in the Western District of North Carolina one day before Courtney II was filed, and the case was removed several months before Courtney II was served on Defendants. (See Defs.' Mem. (Doc. 11) at 2-3.) Second, the parties in both Courtney I and Courtney II are identical; only Plaintiff's counsel is different in the two cases. (See id. at 3.) Third, as in Conboy, 1990 WL 135682, at *1, the issues in the case before this court are identical to Courtney I. As Plaintiff's attorney in Courtney II states, "[t]he parties and claims are virtually identical." (Pl.'s Opp'n & Mot. (Doc. 12) at 1.)

There are additional equitable considerations that weigh in favor of the application of the first-filed doctrine in this case which are consistent with the facts in Conboy, 1990 WL 135682, at *1. Courtney I has already proceeded into discovery in the Western District of North Carolina, (Defs.' Mem. (Doc. 11) at 3), just like the first case in Conboy. It would also be

in the interest of judicial economy to dismiss Courtney II because the dismissal would promote "the orderly administration of justice," Conboy, 1990 WL 135682, at *1, by avoiding inconsistent judgments and expenses associated with duplicative actions. Thus, although Courtney I and Courtney II were filed only a day apart, the delay resulting from addressing the issues of multiple law suits in this court makes the equitable considerations weigh significantly in favor of proceeding with the first-filed case.

Additionally, Plaintiff resides closer to the Western District of North Carolina than to this district, and the alleged incident also occurred closer to the Western District of North Carolina than to this district. (See Compl. (Doc. 7) ¶¶ 1, 6, 8.) Due to the satisfaction of the three first-filed factors and this case's similarity to Conboy, the first-filed doctrine should apply in this case.

Nevertheless, although the equitable first-filed doctrine applies, there are exceptions to the doctrine which must be considered before a case should be dismissed.

Another court within this district has previously identified three additional circumstances in which the first-filed doctrine would have applied, but an exception to the doctrine prevented its application to particular cases. See

Remington Arms, 2004 WL 444574, at *2 (citing Tripath Imaging, Inc. v. Cytyc Corp., No. 1:03CV550, slip op. at 12 (M.D.N.C. Oct. 30, 2003)). The first variety of exception arises when a plaintiff brings a suit in a district that has no, or very little, connection to the case. See id. A second exception arises when a plaintiff has filed a "hip pocket" suit so that their suit retains priority. Id. A "hip pocket" suit is one in which a complaint is filed early so that it can be pulled out (of one's "hip pocket") if necessary to ensure the plaintiff who filed may maintain an upper hand. See id. at *3. The third exception arises when an action is filed while settlement negotiations are occurring between the parties. Id. at *2.

None of the exceptions apply to this case. First, Plaintiff's counsel filed Courtney I in Mecklenburg County, (Defs.' Mem. (Doc. 11) at 2), the county in which Charlotte is located and where the alleged incident occurred, creating no doubt as to whether there exists a strong connection between the location of the first filing and the alleged incident that took place at the Charlotte IKEA store restaurant. (See id.) Second, the Courtney I case is not a "hip pocket" case because the summons and complaint were served approximately two days after the complaint by Plaintiff was filed; Courtney I was not waiting dormant in Plaintiff's "hip pocket." (Id.) If either of these

cases could be said to have been "waiting dormant," it is Courtney II, in which the second attorney for Plaintiff waited until mid-September of 2016 to alert Defendants as to the June 23, 2016 complaint. (See id. at 3.) Last, neither party has suggested the parties were in the midst of settlement negotiations. Therefore, no exceptions to the first-filed doctrine apply.

Having determined that the first-filed doctrine applies without exception, this court will grant the Motion to Dismiss and will dismiss the case without prejudice.[1]

### III. **DEFENDANTS' REQUEST FOR COSTS AND ATTORNEYS' FEES**

Defendants request costs and attorneys' fees representing the time they expended on this issue. (Defs.' Mem. (Doc. 11) at 6.) Defendants claim this expenditure could have been avoided if Plaintiff had promptly withdrawn Courtney II. (Id.) Defendants

---

[1] Plaintiff argues that a transfer of venue is the appropriate action, relying solely upon an annotation from the Manual for Complex Litigation. (Pl.'s Opp'n & Mot. to Transfer (Doc. 12) at 2.) While this court is most appreciative of the Federal Judicial Center's guidance in many different areas of law, such a citation is a secondary source and not persuasive here. First, the "related cases" references in the manual is much broader than the issue presented here. Second, the quoted annotation contains a footnote with citations, neither of which are addressed by Plaintiff. Because this court is dismissing Plaintiff's action, this court will deny Plaintiff's Motion to Transfer Venue as moot.

state that there is no specific authority for costs and attorneys' fees. (Id.)

Defendants' issue with Courtney II flows from their argument that Plaintiff should have withdrawn Courtney II because it is duplicative. (Id.) Defendants' argument is most similar to a violation of Federal Rule of Civil Procedure 11(b)(1), which states that a pleading may not "[be] presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." In order for the rule to be violated, the purpose of the pleading must have been improper, not the result of it. Id.

Here, there is no evidence that Plaintiff's counsel in Courtney II submitted the complaint with an improper purpose, to harass Defendants, or to delay Courtney I. Although Courtney II may have increased the cost of litigation, this court finds no bad faith by Plaintiff, for as Plaintiff's counsel argues, there was a meritorious issue as to the manner in which the duplicative litigation should be addressed. Therefore, Defendants' request for costs and attorneys' fees will be denied.

## IV. CONCLUSION

For the reasons stated herein, **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 10) is **GRANTED** and that this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' request for costs and attorneys' fees (Doc. 10) is **DENIED** and that Plaintiff's Motion to Transfer Venue (Doc. 12) is **DENIED**.

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 6th day of June, 2017.

/s/ William L. Osteen, Jr.
United States District Judge